STEPHEN T. FARWELL & another *vs.* CITY OF CAMBRIDGE.

A jury empanelled to assess damages occasioned by altering a highway were instructed that they were to set off any benefit occasioned by the alteration; that this benefit must be some direct, peculiar and special benefit derived by this estate, and not the general benefit, acquired by all the estates adjacent, of having a wider street; that if the alteration by cutting off some of the petitioner's estate left a smaller estate with a longer front, which was of more value in the market, this was a benefit which should be allowed; but unless the petitioner's estate derived some benefit not received in common by all the other estates on that street between the two nearest cross streets, the benefit was not to be deducted. *Held*, that the respondents had no ground of exception.

APPEAL from a judgment of the court of common pleas rejecting the verdict of a sheriff's jury, assessing damages

occasioned to the petitioners by the widening of Mount Auburn Street in Cambridge.

At the trial the sheriff instructed the jury "that they were to estimate the damages sustained by the petitioners, and must allow by way of set-off the benefit, if any, occasioned by the alteration and laying out; that this benefit must be some direct, peculiar and special benefit derived by this estate from the alteration, and not the general benefit, acquired by all the estates adjacent, of having a broader avenue to the city or elsewhere ; that, for instance, if the alteration of the street by cutting off some of the petitioner's estate left a smaller lot of land with a longer front, and such lots were of more value in the market, then this would be a benefit, which should be allowed to the respondents by way of set-off; and that unless the estate of the petitioners derived some benefit from this alteration, not received in common by all the other estates on Mount Auburn Street, between Brighton and Holyoke Streets, (which appeared by a plan in the case to be the two nearest cross streets,) then such benefit was not to be allowed by way of set-off." The respondents excepted to these instructions.

*J. C. Dodge,* for the respondents. The rule established by statute and the former decisions of this court in cases like this is, that the jury are to set off against the petitioner's damages whatever benefit his estate may have derived from the alteration. Rev. Sts. *c.* 24, § 31. *Commonwealth* v. *Coombs,* 2 Mass. 489. *Commonwealth* v. *Norfolk Sessions,* 5 Mass. 437. *Meacham* v. *Fitchburg Railroad,* 4 Cush. 298. *Dwight* v. *County Commissioners,* 11 Cush. 202. The limitation of the rule is, that the respondents are not to have the benefit, by way of set-off, of those indirect, remote and contingent benefits which are common to the petitioner and all other inhabitants of the village or town. *Meacham* v. *Fitchburg Railroad,* 4 Cush. 291. *Upton* v. *South Reading Branch Railroad,* 8 Cush. 600. The instructions in this case did not accord with the rule or the limitation ; but allowed no benefits of any kind to be considered, which were shared by the abutters, within the narrow limits designated, in common with the petitioners. The objection might be made in

turn by any number of abutters whose property had been taken in making the improvement, and thus practically nullify *i* statute in nearly every case.

*C. T. Russell,* for the petitioners.

METCALF, J. The extent to which the benefit to the property of the petitioners, by the laying out of the highway, should be set off against the damage thereby sustained, was stated to the jury conformably to the decisions made in *Meacham* v. *Fitch-burg Railroad,* 4 Cush. 291, and *Upton* v. *South Reading Branch Railroad,* 8 Cush. 600. And we cannot think that the particular words and illustrations afterwards used by the sheriff, which have been criticised in argument, could have misled the jury in their application of the doctrine of those decisions. The order of the court of common pleas rejecting the verdict is therefore reversed, and the                                        *Verdict accepted.*